UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE YANEZ, JR., <br><br>　　　　　　Plaintiff, <br><br>　　　　　v. <br><br>MICHAEL J. ASTRUE, <br>Commissioner of the Social <br>Security Administration, <br><br>　　　　　　Defendant. | ) NO. EDCV 09-01436-SS <br> ) <br> ) <br> ) <br> ) **MEMORANDUM DECISION AND ORDER** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

　　　Plaintiff Jose Yanez, Jr. ("Plaintiff") brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration (hereinafter the "Commissioner" or the "Agency") denying his application for a period of disability, disability insurance benefits and Supplemental Security Income ("SSI") disability benefits. Alternatively, he asks for a remand. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. Pursuant to the Court's Order Regarding Further Proceedings, the parties filed separate memoranda in support of their

respective positions. For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED for further administrative proceedings.

**THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity[1] and that is expected to result in death or to last for a continuous period of at least twelve months. <u>Reddick v. Chater</u>, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

---

[1] Substantial gainful activity means work that involves doing significant and productive physical or mental duties and is done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910.

|   |     |   |
|---|-----|---|
| 1 | (2) | Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three. |
| 4 | (3) | Does the claimant's impairment meet or equal one of list of specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings")? If so, the claimant is found disabled. If not, proceed to step four. |
| 9 | (4) | Is the claimant capable of performing his past work? If so, the claimant is found not disabled. If not, proceed to step five. |
| 12 | (5) | Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled. |

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098-99); 20 C.F.R. §§ 404.1520(b) - 404.1520(g)(1), 416.920(b) - 416.920(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54 (citing Tackett, 180 F.3d at 1098). Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Id. at 954. If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy,

taking into account the claimant's residual functional capacity ("RFC"),[2] age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). The Commissioner may do so by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids"). Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1100-01). When a claimant has both exertional (strength-related) and nonexertional limitations, the Grids are inapplicable and the ALJ must take the testimony of a vocational expert. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000) (citing Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988)).

## THE ALJ'S DECISION

    The Administrative Law Judge ("ALJ") applied the five-step sequential evaluation process. At the first step of the evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Administrative Record ("AR") 10). At step two, the ALJ found that Plaintiff's diabetes, hypoglycemic seizures, head trauma, chronic low back pain, and affective disorder were severe impairments. (Id.). At step three, the ALJ found that the impairments, individually or in combination, did not meet or equal any of the Listings. (AR 10-11). After considering Plaintiff's symptoms and the medical opinions, the ALJ concluded that Plaintiff had

---

[2] Residual functional capacity is what one "can still do despite [his] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

the RFC "to perform medium work" as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c) with certain limitations. (AR 11-12). Plaintiff could only occasionally stoop, kneel, and crouch/crawl, and Plaintiff could not engage in work involving balance, climbing ladders or stairs, hazardous machinery, or heights. (AR 12). At step four, the ALJ determined that Plaintiff was able to perform his past relevant work as a dog groomer.[3] (AR 13). As such, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 13-14).

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The court may set aside the Commissioner's decision when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1097); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (citing Fair v. Bowen, 885 F.2d 597, 601 (9th Cir. 1989)).

---

[3] The Court notes that, on July 14, 2003, Plaintiff filed a prior application for a period of disability, disability insurance benefits, and SSI benefits, alleging similar impairments as alleged in the current application. (AR 84, 86). The Commissioner denied the prior application. (AR 91). Despite finding an RFC with less restrictive limitations than in this action, the prior ALJ, relying on the testimony of the vocational expert, determined that Plaintiff was <u>unable</u> to return to his past relevant work. (AR 89-90). The Court notes that the prior ALJ's finding, then, is in conflict with the current ALJ's finding that Plaintiff could return to his past relevant work. Given this prior finding, as well as the medical evidence in the record, this Court concludes that it is unlikely that Plaintiff could return to his past relevant work.

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720 (citing Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir. 1997)). It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. (citing Jamerson, 112 F.3d at 1066; Smolen, 80 F.3d at 1279). To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21 (citing Flaten v. Sec'y, 44 F.3d 1453, 1457 (9th Cir. 1995)).

**DISCUSSION**

Plaintiff contends that the ALJ erred by failing to incorporate a consultative examiner's limitations in his RFC finding. (Memorandum in Support of Plaintiff's Complaint at 4-5). The Court agrees and remands this action on this basis. As the Court determines that remand is required on this basis alone, the Court declines to address Plaintiff's alternative arguments.

**The ALJ Erred By Failing To Incorporate The Consultative Examiner's Exertional Limitations In His RFC Assessment**

Plaintiff contends that the ALJ erred by failing "to properly consider the [RFC]." (Id. at 4). Specifically, Plaintiff argues that

6

the ALJ failed to incorporate the findings of Dr. Robert A. Moore, the neurological consultative examiner, in his RFC determination. (Id. at 5).

"A claimant's residual functional capacity is what he can still do despite his physical, mental, nonexertional, and other limitations." Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989) (citing 20 C.F.R. § 404.1545).  An RFC assessment requires the ALJ to consider a claimant's impairments and any related symptoms that may "cause physical and mental limitations that affect what [he] can do in a work setting." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  In determining a claimant's RFC, the ALJ considers all relevant evidence, including residual functional capacity assessments made by consultative examiners, State Agency physicians and medical experts.  20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).  See also 20 C.F.R. §§ 404.1513(c), 416.913(c).  If a physician's RFC assessment is not contradicted by another physician, the ALJ must provide clear and convincing reasons for rejecting that opinion.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (as amended) ("[T]he Commissioner must provide 'clear and convincing' reasons for rejecting the uncontradicted opinion of an examining physician.") (citing Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990)).

Five physicians provided opinions regarding Plaintiff's impairments and RFC. (AR 22, 306, 309-13, 402, 415). The physicians – consultative examiners, State Agency physicians, and a medical expert – were in general agreement concerning Plaintiff's limitations.  The physicians all determined that Plaintiff's RFC is a medium work level as defined in

7

20 C.F.R. §§ 404.1567(c) and 416.967(c), which means that Plaintiff can lift or carry fifty pounds occasionally and twenty-five pounds frequently. (AR 22, 306, 310, 402, 415). Regarding exertional limitations, four of the physicians generally agreed that Plaintiff can stand or walk for six hours out of an eight-hour day, (AR 22, 310, 402, 415), and all agreed that Plaintiff can sit for at least six hours out of an eight-hour day. (AR 22, 306, 310, 402, 415). Four of the physicians, including Dr. Moore, agreed that Plaintiff has environmental limitations and his work should include only occasional or no heights, climbing, anything involving balance, or the operation of machinery. (AR 22, 311-12, 402, 415).

Despite the generally consistent RFC findings by the physicians, there were important differences among the RFC assessments. Most significantly, Dr. Moore determined that although Plaintiff can stand or walk for six hours out of an eight-hour day, he can only stand or walk in two-hour intervals. (AR 415). Standing or walking for six hours straight requires a significantly greater exertional level than standing or walking for six hours in two-hour intervals.

Having five different RFC assessments to consider, the ALJ appeared to incorporate many of the suggested limitations. However, despite including the more restrictive limitations, the ALJ failed to incorporate Dr. Moore's limitation that Plaintiff can only stand or walk for six hours out of an eight-hour work day in **two-hour intervals**. The ALJ failed to provide reasons for omitting this limitation. As the ALJ did not reject Dr. Moore's opinion, he was required to include Dr. Moore's two-hour interval limitations in his assessment of Plaintiff's

8

RFC. Cf. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (stating that the ALJ was required to include in his RFC assessment claimant's limitations unless ALJ gave reasons for rejecting). Thus, the ALJ erred by failing to give enough weight to Dr. Moore's limitations findings in his RFC determination.

Remand for further proceedings is appropriate where additional proceedings could remedy defects in the Commissioner's decision. See Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir. 2000); Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). Upon remand, the Court must incorporate the limitations set forth by Dr. Moore in his RFC determination or provide clear and convincing reasons to reject Dr. Moore's opinion.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings consistent with this decision.

DATED: April 23, 2010                         /S/
                                              SUZANNE H. SEGAL
                                              UNITED STATES MAGISTRATE JUDGE